## IN THE UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **ANTHONY GAYLE** ) | |
| ) | **CIVIL ACTION NO.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CERTIPHI SCREENING, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT
## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer against Defendant Certiphi Screening, Inc. (hereafter "Certiphi"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 et seq., as amended.

2.      Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

3.      Defendant Certiphi is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4.      The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Certiphi.

## JURISDICTION AND VENUE

5.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7.    Plaintiff, Anthony Gayle, is an adult individual who resides in the state of Georgia.

8.    Defendant Certiphi Screening, Inc. (hereafter "Certiphi") is a business entity which provides background and employment screening services, risk management services and products, information management products and services, and decisions-making intelligence.  Accurate has a principal place of business located at 251 Veterans Way, Warminister, PA 18974.

## FACTUAL ALLEGATIONS

9.    In or about January 2026, Plaintiff applied for the position of a Certified Math Teacher with Devereux Advanced Behavioral Health (hereafter "Devereux").

10.    As part of his application, Plaintiff purportedly authorized Devereux to obtain a consumer report for employment purposes.

11.    On or about February 4, 2026, Devereux requested that Defendant conduct a background check and Defendant sold to Devereux at least one consumer report concerning the Plaintiff which was inaccurate.

12.    The report furnished by Defendant was for employment purposes.

13.    The consumer report did not contain at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Devereux.

14.     Defendant has been reporting, and did here report, incomplete and inaccurate statements and information relating to Plaintiff and Plaintiff's employment history to third parties since at least February 2026.

15.     The inaccurate information includes, but is not limited to, unverified employment dates and history with Georgia Military College (herein after the "inaccurate information").

16.     In creating and furnishing Plaintiff's consumer report, Defendant failed to follow reasonable procedures to verify the information it reported about the Plaintiff. Had Defendant followed such procedures, it would not have reported the inaccurate information.

17.     Defendant has been reporting, and did here report, incomplete and inaccurate statements and information through the issuance of false and inaccurate consumer reports relating to Plaintiff and Plaintiff's employment history to third parties since at least February 2026 to the present.

18.     As a result of the inaccurate report Defendant sold to Devereux, Plaintiff was denied employment with Devereux and Plaintiff was informed that the basis for this denial was the inaccurate information that appears on Plaintiff's consumer report, which was a substantial factor for the denial.

19.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, lost wages, harm to reputation, and emotional distress, including frustration, humiliation, and embarrassment.

20.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

<u>**COUNT I**</u>
<u>**PLAINTIFF V. CERTIPHI**</u>
<u>**VIOLATIONS OF THE FCRA**</u>

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

<u>**JURY TRIAL DEMAND**</u>

28. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive damages;

    (d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

    (e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:    _/s/ Mark D. Mailman_
Mark D. Mailman, Esq.
Siobhán E McGreal, Esq.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600
mmailman@consumerlawfirm.com
smcgreal@consumerlawfirm.com

Dated: July 31, 2026                          **_Attorneys for Plaintiff_**